1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| NATALIA KLIMENKO, an individual,<br><br>                     Plaintiff,<br><br>   v.<br><br>MEDICAL SOLUTIONS, LLC, a Nebraska Corporation,<br><br>                  Defendant. | No. 2:24-cv-01414<br><br>NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON<br><br>(from King County Superior Court, Case No. 24-2-17891-1 SEA) |

TO:       The Honorable Judges of the U.S. District Court for the Western District of Washington;

AND TO:   Natalia Klimenko, Plaintiff;

AND TO:   Vera P. Fomina, Damien N. Villarreal, and Kaitlyn M. Gould, SKIDMORE | FOMINA, PLLC, Counsel for Plaintiff.

      Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Medical Solutions, LLC ("Defendant"), by and through its undersigned attorneys, hereby removes this action from King County Superior Court to this Court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1) and 1441(b).

      The following statement is submitted under 28 U.S.C. § 1446(a):

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

**COMMENCEMENT**

1.      Plaintiff Natalia Klimenko ("Plaintiff") filed her Complaint for Damages in King County Superior Court, designated as Case No. 24-2-17891-1 SEA on August 7, 2024. Declaration of Michael A. Griffin ("Griffin Decl."), ¶3. A true and correct copy of Plaintiff's Complaint for Damages is attached hereto as **Exhibit A** to the Griffin Decl. Defendant was served with copies of the Summons and Complaint on August 8, 2024. Griffin Decl., ¶5.

**DIVERSITY JURISDICTION**

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between the parties; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

3.      Plaintiff is a resident of King County, Washington. *Id.,* Exhibit A, Complaint ¶1.1.

4.      Defendant is a limited liability company and is organized under the laws of Delaware. Defendant has its principal place of business in Omaha**,** Nebraska. As a limited liability company, Medical Solutions, LLC's citizenship is the same as that of its members. Medical Solutions Buyer, LLC ("MSB") is a Delaware LLC and the sole member of Medical Solutions, LLC. Therefore, Medical Solutions, LLC, through its members, is a citizen of Delaware.

5.      Complete diversity exists where each plaintiff is of diverse citizenship from each defendant. *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001). Here, Plaintiff is a citizen of Washington, and Defendant is a citizen of Delaware. As a result, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a)(1), (c)(1).

**AMOUNT IN CONTROVERSY**

6.      "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

7.      Under LCR 101(a), Defendant has a good faith belief that the amount in controversy exceeds $75,000, notwithstanding the fact that the Complaint and its Prayer for Relief

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON - 2
(Case No. 2:24-cv-01414)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

do not specify the dollar amount of damages being sought, for the reasons stated in the following paragraphs.

8.     Plaintiff alleges that Defendant discriminated and retaliated against her for engaging in protected activity based on Plaintiff's sex and request for leave, and was wrongfully discharged, all in violation of the Washington Law Against Discrimination (WLAD) and federal statutes. Griffin Decl., Exhibit A, Complaint ¶¶4.1-4.20.

9.     First, Plaintiff seeks economic damages. *Id.* at Prayer for Relief ¶¶5.1-5.8. Under the WLAD, such damages include back pay, front pay, pre- and post-judgment interest, and an enhancement to counteract the negative federal income tax ramifications of a jury verdict in the plaintiff's favor. RCW 49.60.030(2); e.g., *Martini v. Boeing Co.*, 137 Wn.2d 357, 359, 378 (1999). Back pay through trial and front pay both count towards the amount in controversy for removal purposes. *See Rush v. Victoria's Secret Stores, LLC*, Case No. C19-0985RSL, 2019 U.S. Dist. LEXIS 145706, at *2 (W.D. Wash. Aug. 27, 2019) (denying a motion to remand a WLAD case because the diversity jurisdictional threshold was met when including back pay through trial, potential emotional distress damages, and reasonable attorneys' fees); *Matthiesen v. AutoZone Stores, Inc*., Case No. 2:15-CV-0080-TOR, 2015 WL 3453418, 2015 U.S. Dist. LEXIS 69932, at *6-7 (E.D. Wash. May 29, 2015) (back pay and front pay both count toward meeting the amount in controversy requirement).

10.     When Plaintiff's employment ended on or about March 2024, she earned a base salary of over $127,500 per year, exclusive of benefits and bonuses. Declaration of Chris Ahl ("Ahl Decl."), ¶3. Therefore, if Plaintiff is successful at a trial, Plaintiff will ask the jury for more than $75,000 through trial in backpay alone, not including interest and the tax enhancement. Further, if Plaintiff is successful at trial, it is also possible that Plaintiff might be awarded front pay in addition to backpay. *Id.*

11.     Second, Plaintiff seeks attorneys' fees and costs, which themselves are reasonably expected to exceed $75,000. Griffin Decl., Exhibit A, Complaint, Prayer for Relief ¶5.5. Attorney's fees are included in computing the amount in controversy. *See Fritsch v. Swift Transp.*

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF
WASHINGTON - 3
(Case No. 2:24-cv-01414)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

*Co. of Ariz.*, LLC, 899 F.3d 785, 793 (9th Cir. 2018). This includes the amount of expected future attorneys' fees because they are "at stake" in the litigation. *Id.* at 794 (quoting and applying *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)). RCW 49.60.030(2) authorizes an award of reasonable attorneys' fees to a successful plaintiff. If Plaintiff prevails at trial, it is reasonable to conclude that recoverable attorney fees alone would exceed $75,000. Griffin Decl. ¶3.

12.     Based upon the foregoing, Plaintiff's Complaint for Damages, and her requested relief, the amount in controversy here exceeds $75,000, and this action is between citizens of different states. Therefore, this Court has original jurisdiction over this civil action. 28 U.S.C. § 1332(a)(1).

### STATE COURT PROCEEDINGS

13.     On August 7, 2024, Plaintiff filed a copy of the Summons.

14.     On August 7, 2024, Plaintiff filed her Complaint for Damages and Jury Demand in King County Superior Court.

15.     On August 8, 2024, Plaintiff served Defendant with the Summons and Complaint.

16.     On August 9, 2024, Plaintiff filed an Affidavit of Service of Successful Service of the Summons and Complaint.

17.     No further proceedings have been had in the state court as of the date of this Notice.

### TIMELY REMOVAL

18.     This Notice of Removal is being timely filed within 30 days of August 8, 2024, when Defendant was served with the initial pleading upon which this removal is based. *See* 28 U.S.C. § 1446(b)(2)(B).

### VENUE

19.     Under 28 U.S.C. § 1441(a), this Court is the appropriate venue for removal because it is the federal district court for the district and division where the King County Superior Court case is pending.

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON - 4
(Case No. 2:24-cv-01414)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## NOTICE TO THE STATE COURT AND TO PLAINTIFF
## OF FILING NOTICE OF REMOVAL

20.     Under 28 U.S.C. § 1446(d), and as affirmed in the attached Declaration of Service, Defendant has served Plaintiff with this Notice of Removal and with the Notice to State Court of Removal to Federal Court. Under 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled Notice to State Court of Removal to Federal Court.

## STATE COURT RECORDS

21.     Under 28 U.S.C. § 1446(a) and LCR 101(b)(1), Defendant is attaching a true and correct copy of the Complaint. Griffin Decl., Exhibit A. Under LCR 101(c), a Verification of State Court Records will be filed within 14 days of this Notice of Removal, which will include copies of the original pleadings, as well as copies of all additional records and proceedings appearing in the state court file, under a verification by counsel that these are true and complete copies of all the records and proceedings in the state court.

22.     Defendant reserves the right to amend or supplement the statement of Defendant's grounds for removal of this case based upon discovery exchanged between the parties or circumstances that become known during the investigation of the case.

23.     Based on the above, Defendant respectfully asks this Court to accept removal of this action on the ground of diversity jurisdiction.

## CONCLUSION

Based on the foregoing, Defendant hereby respectfully removes the above-captioned action from the King County Superior Court to this Court based on diversity jurisdiction.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF
WASHINGTON - 5
(Case No. 2:24-cv-01414)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1    DATED this 6th day of September, 2024.

2    JACKSON LEWIS P.C.                              JACKSON LEWIS P.C.

3
     By:                                            By:
4    _____                       _____
     Michael A. Griffin, WSBA #29103                Jessica M. Cox, WSBA #53027
5    520 Pike Street, Suite 2300                    520 Pike Street, Suite 2300
     Seattle, WA 98101                              Seattle, WA 98101
6    Telephone (206) 626-6416                       Telephone (206) 626-6410
     Michael.Griffin@jacksonlewis.com               Jessica.Cox@jacksonlewis.com
7
     Counsel for Defendant                          Counsel for Defendant
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES            **Jackson Lewis P.C.**
DISTRICT COURT FOR THE WESTERN DISTRICT OF                 520 Pike Street, Suite 2300
WASHINGTON - 6                                             Seattle, Washington 98101
(Case No. 2:24-cv-01414)                                       (206) 405-0404

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was electronically filed with the Clerk of the Court using the CM/ECF System, and sent to the following:

Vera P. Fomina, WSBA #49388
Damien N. Villarreal, WSBA #50708
Kaitlyn M. Gould, WSBA #58622
SKIDMORE | FOMINA PLLC
1800 112th Avenue NE, Suite 270E
Bellevue, WA 98004
vfomina@skidmorefomina.com
dvillarreal@skidmorefomina.com
kgould@skidmorefomina.com

Counsel for Plaintiff

☒ via CM/ECF System
☒ via Electronic Mail
☐ via USPS Mail
☐ via Federal Express
☐ via Hand-delivery
☐ Other: _____

DATED this 6th day of September, 2024.

_____
Sage Arial

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF
WASHINGTON - 7
(Case No. 2:24-cv-01414)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404